FILED

14 MAY 27 PM 12:07

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**DEBRA STAHLI**, an individual,

Plaintiff,

v.

**LEE MEMORIAL HEALTH SYSTEM**,

Defendant.

**CIVIL ACTION**

2:14-cv-289-FtM-29 DNF
**Case No. 2:14-cv-**

**Judge:** John E. Steele

**Mag. Judge:** Douglas N. Frazier

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **DEBRA STAHLI**, by and through her undersigned attorney, and files her Complaint against the Defendant, **LEE MEMORIAL HEALTH SYSTEM**, and states the following:

**CAUSE OF ACTION**

1. This is an action brought under the Americans with Disabilities Act, as amended (ADAAA) and the Florida Civil Rights Act of 1992 (FCRA) for (1) unlawful disability discrimination in violation of the ADAAA, (2) unlawful disability discrimination in violation of the FCRA, (3) retaliation in violation of the ADAAA, and (4) retaliation in violation of the FCRA.

**PARTIES**

2. Plaintiff, **DEBRA STAHLI ("STAHLI")**, is a resident of Lee County, Florida and at all material times was an employee of the above-captioned Defendant.

3. Defendant, Defendant, **LEE MEMORIAL HEALTH SYSTEM** ("Defendant") is engaged in the business of operating hospitals in southwest Florida, and has a principal place of business at 9800 South Healthpark Drive, Fort Myers, Florida 33908.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over **STAHLI**'s state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

7. **STAHLI** received her Notice of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on March 5, 2014 and the instant Complaint is filed within the time frame required under the law. A true and accurate copy of the Notice of Right to Sue is attached as Exhibit A.

## GENERAL ALLEGATIONS

8. **STAHLI** was hired by the Defendant on or about July 23, 2012 as a receptionist/scheduler.

9. **STAHLI** always performed her assigned duties in a professional manner and was very well qualified for her position.

10. **STAHLI** suffers from impairments of her cardio-pulmonary and emotional systems, which, when not in remission, substantially limits one or more of her major bodily

functions, including, but not limited to, the physical, mental and psychological systems, which seriously impacts life activities such as working, communicating and cognitive function.

11.  **STAHLI** has a history of these impairments that limits major bodily functions and several major life activities.

12.  **STAHLI**'s impairments qualify as a disability as that term is defined under 28 C.F.R. §36.104(iii).

13.  **STAHLI** always received good to very good performance reviews from her supervisors.

14.  Beginning about September 2012, **STAHLI** began to be treated differently than the Defendant's other employees not in her protected class.

15.  **STAHLI** was subjected to discrimination on the basis of her disability in the form of being subjected to greater scrutiny than those outside of her protected class, being denied reasonable accommodation and ultimately terminating her when she requested additional brief leave as reasonable accommodation.

16.  On or about April 24, 2013, **STAHLI** informed the Defendant of her need for reasonable accommodation based upon her actual impairments.

17.  The Defendant granted **STAHLI** leave and **STAHLI** was on an approved medical leave of absence from April 25, 2013 through May 13, 2013.

18.  A few days prior to her leave expiring, **STAHLI** notified the Defendant of her need for an extension of her leave for a few additional days.

19.  However, the Defendant then refused to engage in the required interactive process in a timely manner as required by the ADAAA.

20. Specifically, the Defendant informed **STAHLI** that she could not return to her position with the Defendant and that her position had been filled for "business reasons."

21. **STAHLI**'s physician released **STAHLI** to return to work on May 17, 2013.

22. **STAHLI** then contacted the Defendant to regain her employment, objecting to the denial of her promised reinstatement but the Defendant refused to return her to work.

23. Shortly thereafter, the Defendant issued **STAHLI** a COBRA Notice, indicating that she had been terminated by the Defendant.

24. As a result, **STAHLI** filed a Charge of Discrimination with the EEOC.

25. **STAHLI** objected to the denial of her request for reasonable accommodation to receive a mere few extra days of leave that would enable her to return to work and perform the essential functions of her position.

26. **STAHLI**'s underlying objections to disability discrimination, the Defendant's refusal to engage in the interactive process and **STAHLI**'s request for reasonable accommodation cannot be used as an independent basis for the Defendant's negative employment actions against her.

27. The Defendant has violated the ADAAA and the FCRA.

**COUNT I – VIOLATION OF THE AMERICANS WITH DISABILITIES ACT, AS AMENDED**

28. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

29. At all relevant times, **STAHLI** was an individual with a disability within the meaning of the ADAAA.

30. Specifically, **STAHLI** has physical and mental impairments that substantially limits one or more of her major life activities and bodily functions, has a record of the impairment, and is regarded by the Defendant as having such impairments.

31. **STAHLI** is a qualified individual with disabilities as that term is defined in the ADAAA.

32. **STAHLI** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of her jobs with the Defendant.

33. At all material times, **STAHLI** was an employee and the Defendant was her employer covered by and within the meaning of the ADAAA.

34. The Defendant was made aware and was aware of **STAHLI**'s disabilities, which qualify under the ADAAA.

35. The Defendant discriminated against **STAHLI** with respect to her terms, conditions, and privileges of employment because of her disabilities.

36. The Defendant conducted itself with malice or with reckless indifference to **STAHLI**'s federally protected rights.

37. The Defendant discriminated against **STAHLI** in violation of the ADAAA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

38. The conduct of the Defendant altered the terms and conditions of **STAHLI**'s employment and **STAHLI** suffered negative employment action in the form of discipline and termination.

39. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **STAHLI** has lost all of the benefits and privileges of her employment and has

been substantially and significantly injured in her career path that was anticipated from her employment.

40. As a direct and proximate result of the violations of the ADAAA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **STAHLI** is entitled to all relief necessary to make her whole.

41. As a direct and proximate result of the Defendant's actions, **STAHLI** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

42. **STAHLI** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT- DISABILITY DISCRIMINATION

43. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

44. At all relevant times, **STAHLI** was an individual with a disability within the meaning of the FCRA.

45. Specifically, **STAHLI** has physical and mental impairments that substantially limits one or more of her major life activities, has a record of the impairment, and is regarded by the Defendant as having such impairments.

46. **STAHLI** is a qualified individual with disabilities as that term is defined in the FCRA.

47. **STAHLI** is an individual who, with reasonable accommodation, at all relevant times could perform the essential functions of her jobs with the Defendant.

48. At all material times, **STAHLI** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

49. The Defendant was made aware and was aware of **STAHLI**'s disabilities, which qualify under the FCRA.

50. The Defendant discriminated against **STAHLI** with respect to her terms, conditions, and privileges of employment because of her disabilities.

51. The Defendant conducted itself with malice or with reckless indifference to **STAHLI**'s protected rights under Florida law.

52. The Defendant discriminated against **STAHLI** in violation of the FCRA by interfering with her enjoyment of all benefits, privileges, terms, and conditions of her employment.

53. The conduct of the Defendant altered the terms and conditions of **STAHLI**'s employment and **STAHLI** suffered negative employment action in the form of discipline and termination.

54. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **STAHLI** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path that was anticipated from her employment.

55. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against him, **STAHLI** is entitled to all relief necessary to make him whole.

56. As a direct and proximate result of the Defendant's actions, **STAHLI** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

57. **STAHLI** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all disability discrimination of all employees;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

**COUNT III – VIOLATION OF THE ADAAA- RETALIATION**

58. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

59. **STAHLI** is a person with a disability and, as such, is a member of a protected class.

60. At all material times, **STAHLI** was an employee and the Defendant was her employer covered by and within the meaning of the ADAAA.

61. **STAHLI** was qualified for the positions that she held with the Defendant.

62. Following **STAHLI**'s repeated requests for reasonable accommodation, the Defendant retaliated by altering the terms and conditions of her employment and terminating **STAHLI**'s employment.

63. **STAHLI** was subjected to greater scrutiny than those similarly situated, was subjected to the altering of the accommodations previously granted and, the Defendant knowing of **STAHLI**'s Charge of Discrimination, sought to require that **STAHLI** sign a document that waived rights under federal and state law that would have negatively affected her Charge of Discrimination.

64. **STAHLI**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

65. Said protected activity was the proximate cause of the Defendant's negative employment actions against **STAHLI** including changed working conditions, harsh performance reviews, discipline and ultimately termination.

66. Instead of granting reasonable accommodations, the Defendant retaliated against **STAHLI** via changed working conditions, harsh performance reviews, discipline, and termination.

67. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the ADAAA.

68. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, **STAHLI** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

69. As a direct and proximate result of the violations of the ADAAA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **STAHLI** is entitled to all relief necessary to make her whole as provided for under the ADAAA.

70. As a direct and proximate result of the Defendant's actions, **STAHLI** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

71. **STAHLI** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of the Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

72. Plaintiff incorporates by reference Paragraphs 1-27 of this Complaint as though fully set forth below.

73. **STAHLI** is a person with a disability and, as such, is a member of a protected class.

74. At all material times, **STAHLI** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

75. **STAHLI** was qualified for the positions that she held with the Defendant.

76. Following **STAHLI**'s repeated requests for reasonable accommodation, the Defendant retaliated by altering the terms and conditions of her employment and terminating **STAHLI**'s employment.

77. **STAHLI** was subjected to greater scrutiny than those similarly situated, was subjected to the altering of the accommodations previously granted and, the Defendant knowing of **STAHLI**'s Charge of Discrimination, sought to require that **STAHLI** sign a document that waived rights under federal and state law that would have negatively affected her Charge of Discrimination.

78. **STAHLI**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of the Defendant.

79. Said protected activity was the proximate cause of the Defendant's negative employment actions against **STAHLI** including changed working conditions, harsh performance reviews, discipline and ultimately termination.

80. Instead of granting reasonable accommodations, the Defendant retaliated against **STAHLI** via changed working conditions, harsh performance reviews, discipline, and termination.

81. The acts, failures to act, practices and policies of the Defendant set forth above constitute retaliation in violation of the FCRA.

82. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **STAHLI** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

83. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **STAHLI** is entitled to all relief necessary to make her whole as provided for under the FCRA.

84. As a direct and proximate result of the Defendant's actions, **STAHLI** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

85. **STAHLI** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position

i. Injunctive relief directing the Defendant to cease and desist from all retaliation against employees who engage in statutorily protected acts;

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Declaratory relief declaring the acts and practices of the Defendant to be in violation of the statute cited above;

vi. Reasonable attorney's fees plus costs;

vii. Compensatory damages, and;

viii. Such other relief as this Court shall deem appropriate.

**DEMAND FOR JURY TRIAL**

**NOW COMES** the Plaintiff, **DEBRA STAHLI**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Dated: May 22, 2014

Respectfully submitted,

Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com